672 P.2d 570

Earl F. McGILL, Plaintiff-Respondent,

v.

Elmer LESTER and Jane Doe Lester, husband and wife; John Hibnes, Sr., and Jane Doe Hibnes, husband and wife; and John Hibnes, Jr., and Jane Doe Hibnes, husband and wife, Defendants-Appellants.

No. 14686.

Court of Appeals of Idaho.

Nov. 9, 1983.

Henry F. McQuade, R.H. Young and Steven Adamson, Nampa, for defendants-appellants.

Merlyn W. Clark, Linda L. Holdeman and J. Charles Hepworth, Hawley, Troxell, Ennis & Hawley, Boise, Idaho, for plaintiff-respondent.

## UPON PETITION TO DETERMINE VALIDITY OF APPOINTMENT OF TRIAL JUDGE

PER CURIAM.

We are asked to decide whether a magistrate judge had subject matter jurisdiction to decide a case in which he had been appointed by our Supreme Court to sit as a district judge. The question has been presented to us by petition during the course of an appeal from a judgment entered by the appointed judge. The question raises a threshold issue of trial court jurisdiction. Interest in this question may extend beyond the immediate parties to this appeal. Under these unique circumstances, we have decided to supplement by special opinion our order disposing of the petition.

While this case was in the district court, the Administrative Judge for the Third Judicial District requested our Supreme Court to assign the Honorable Stephen W. Drescher, Magistrate Judge of that district, to sit as a District Judge of the district for

the purpose of trying and deciding the instant case. Neither of the parties objected to this request, and it was so ordered. Neither did any of the parties object when the appointed judge later proceeded to try the case and rendered his decision.

After judgment was entered, an appeal was filed in the Supreme Court. While the appeal was pending in that Court, prior to being assigned to the Court of Appeals, the appellants moved for a determination by the Supreme Court that its order of appointment had been invalid and that the judge lacked jurisdiction to decide the case below. The motion was denied without comment.

After this case was assigned to the Court of Appeals, the appellants filed a petition, seeking a similar determination and asserting that the order of appointment had infringed upon their right to due process under the fourteenth amendment of the United States Constitution. Appellants argued that the question presented was important to the administration of the trial courts, and that reasons should be given for any ruling upon it. We deny the petition for the reasons discussed below.

█ Appellants have cloaked their petition to this Court in the garb of the fourteenth amendment. In *Akins v. Texas,* 325 U.S. 398, 65 S.Ct. 1276, 89 L.Ed. 1692, *reh'g denied,* 326 U.S. 806, 66 S.Ct. 86, 90 L.Ed. 491 (1945), the United States Supreme Court examined, among other issues, the contention of a convicted criminal defendant that he had been denied due process by the State of Texas because of the manner in which the trial judge was appointed to preside in his case. Relegating this contention to the status of a footnote, the Supreme Court said:

> The legality of the assignment depends upon the validity of the provisions of the state statute as tested by the Texas Constitution.... Whether the state rule is expressed in constitution, statute or decision, or partly in one and partly in another, the state's power is to be viewed as a totality. In the absence of a violation of fundamental principle[s] of justice, a

state's determination is conclusive upon the federal courts as to the meaning of the state law, so far as any federal question is concerned.

325 U.S. at 399–400, n. 1, 65 S.Ct. at 1277, n. 1. In the present case, the appellants have not argued, and we are unable to discern, any "fundamental principle of justice" which was infringed by the Idaho Supreme Court's appointment of the trial judge. Therefore, the question is narrowed to whether the appointment was made in compliance with state law.

Article V, section 2, of the Idaho Constitution provides that "[t]he judicial power of the state shall be vested in a court for the trial of impeachments, a Supreme Court, district courts, and such other courts inferior to the Supreme Court as established by the legislature.... The jurisdiction of such inferior courts shall be as prescribed by the legislature." Pursuant to this constitutional grant of authority, the Legislature has enacted I.C. §§ 1–2201 to –2222, creating the magistrate division of the district court. Section 1–2208 provides that magistrate judges may hear those specific matters or categories of cases assigned to them. Section 1–2210 further provides that "[t]he Supreme Court by rule may specify additional categories of matters assignable to magistrates, except that ... [certain] matters may not be assigned to magistrates who are not attorneys: * * *." Section 1–2210 is awkwardly worded in the negative, but it authorizes the Supreme Court to assign a magistrate judge to hear a case not within the enumerated categories found in § 1–2208. This interpretation is consistent with a literal reading of I.C. § 1–613, which provides in part: "Whenever the administrative director's report indicates that there is need for judicial assistance in *any* court, the Supreme Court, shall assign to that court *any* judge for a fixed period or for specific purposes." (Emphasis added.)

As contemplated by § 1–2210, the Supreme Court has exercised its rule-making authority with respect to such magistrate assignments. Rule 83(a)(3) of the Idaho Rules of Civil Procedure provides that un-

less otherwise directed by the Supreme Court, an appeal from a judgment entered by an attorney magistrate shall be taken directly to the Supreme Court whenever the Court has assigned the magistrate judge "to hear any action which may otherwise be tried only by a district judge. . . ." This *rule deals obliquely,* rather than directly, with the appointment of magistrate judges in "additional categories of matters" as contemplated by § 1–2210. However, even if the rule were deemed incomplete in this respect, the defect would relate to the manner in which the Supreme Court has exercised the power granted by the Legislature to determine the jurisdiction of attorney magistrates. *It would not defeat the grant of the power itself.* Accordingly, it would, at most, afford a basis to interpose a procedural objection against the appointment of a magistrate to sit as a district judge in a particular case. It would afford no basis to attack the Supreme Court's power to vest jurisdiction in the magistrate.

 Procedural defects may be waived. Idaho Code § 1–2214 specifically provides that "[a]ll objections to the propriety of an assignment to a magistrate are waived unless made before the trial or hearing begins." Similarly, Rule 82(c)(3) of the Idaho Rules of Civil Procedure provides that any objections to the propriety of an assignment, including the method or scope of the assignment, are waived unless made prior to the trial or hearing. As noted above, no such timely objection was made by the appellants. We conclude that the appellants' petition presented to this Court must be denied.

Both sides have sought a special, interim award of attorney fees with respect to proceedings on this petition. The appellants have not prevailed on the petition. Respondent has prevailed, but in our view the issue raised by appellants was genuine and merited the examination we have accorded it today. Consequently, we decline to make a special award of attorney fees to either party.

No remittitur shall be issued upon this special opinion, but the appeal in due course shall be considered and decided on its merits.