879 P.2d 30

**Rose Marie FICARRO, Plaintiff–Appellant,**

v.

**Patrick J. McCOY, Defendant–Respondent.**

**No. 20559.**

Court of Appeals of Idaho.

Aug. 4, 1994.

---

Rose Marie Ficarro, pro se.

Patrick J. McCoy, pro se.

PERRY, Judge.

Rose Marie Ficarro[1] brought this malpractice action against her former attorney, Patrick McCoy. Following a trial, the district court, sitting without a jury, entered a judgment for McCoy. Ficarro, appearing pro se, appeals from the judgment alleging certain errors. For the reasons stated below, we affirm.

Ficarro obtained a divorce from David Adams, Sr. (Adams) in 1988. At the time of the divorce, Ficarro was awarded primary custody of their three minor children. In the fall of 1989, Adams took the children to live with him in California. In October of 1989, Adams was awarded temporary custody of the children by the magistrate court. Since that time, the parties have been engaged in a protracted battle over the custody of the children.

After dismissing a number of previous attorneys, and handling a great deal of the case herself, Ficarro sought McCoy's representation for a hearing on temporary custody scheduled for April 13, 1990. McCoy, however, was unable to represent Ficarro at the

---

1. Between the time of trial and the submission of her appellate brief, the appellant divorced Anthony Ficarro and currently is using the name Rose Marie Adams. To avoid confusion, and because all relevant documents do so, we will use the name "Ficarro" in reference to her in this opinion.

hearing because of his previously scheduled obligations. At the hearing on April 13, Ficarro was denied custody of the children, although the order did provide for supervised visitation with very specific limitations. On April 24, 1990, Ficarro met with McCoy and provided him a list of "law essentials," which were specific issues that Ficarro felt needed to be addressed. These issues were provided in preparation for a hearing that Ficarro, acting pro se, had scheduled for June 20 and 21, 1990. The June hearing was set in anticipation of resolving a number of issues including permanent custody and visitation rights. Ficarro also requested McCoy's help in resolving allegations of sexual abuse levelled against her then husband, Anthony Ficarro, as those allegations pertained to the custody case. Ficarro formally retained McCoy on April 26, 1990.

McCoy began investigation and work on the case, which included attempting to secure expert psychological testimony regarding the mental states of both Ficarro and her husband Anthony. McCoy also negotiated with counsel representing Adams.

On June 13, 1990, Ficarro visited McCoy's office to discuss a planned visitation that was to begin that day. While Ficarro was there, counsel for Adams telephoned McCoy and a discussion began regarding possible settlement of the case. Although the parties disagree as to what actually transpired during the conference, it appears that agreement was reached at least on some of the issues involved in the case. Believing an agreement had been reached with McCoy and Ficarro, counsel for Adams prepared a stipulation following the telephone conversation. McCoy signed the stipulation, and he and counsel for Adams submitted it jointly to the magistrate handling the case on June 15, 1990.

Through his office staff, McCoy had provided a copy of the stipulation to Ficarro on June 14, 1990. Ficarro claims that she unsuccessfully tried to contact McCoy on numerous occasions to discuss the terms of the stipulation, and was told McCoy would "get back to" her. Ficarro alleges she was never given the opportunity to voice her concerns over the stipulation before it was signed and submitted by McCoy.

On June 16, 1990, McCoy left on a scheduled vacation. During his absence, problems began to arise with Ficarro's visitation. The problems allegedly related to her violating terms of the stipulation and order, including Ficarro's discussion of the custody case with the children and the children coming into contact with Anthony Ficarro, both of which were prohibited by the stipulation. Adams, through his counsel, obtained a temporary restraining order and the visitation was terminated. Ficarro consulted with several other attorneys during this time concerning these problems, but did not retain new counsel.

Upon McCoy's return from vacation, a heated exchange took place in his office. Ficarro requested that McCoy immediately file a motion to set aside the stipulation, using a pleading she had prepared. McCoy refused to do so. On July 5, 1990, Ficarro filed a motion to set aside the June 15, 1990, stipulation and entered into an agreement for the withdrawal of McCoy from the divorce case. McCoy's representation of Ficarro ended at that time. The motion to set aside the stipulation was granted in March of 1991. A final order resolving the custody issues was entered on December 21, 1992, following a trial in November of 1992.

In January of 1992, Ficarro filed an attorney malpractice action against McCoy in district court in the Fourth Judicial District. Ficarro claimed that McCoy had filed the stipulation without her approval and against her expressly stated desires. Ficarro sought the return of her $500 retainer, together with damages for lost wages, pain and suffering, and payment for family therapy.

Following the filing of the action, six of the seven district judges in the Fourth Judicial District disqualified themselves, citing either a personal relationship with McCoy or their belief that they would not be able to be impartial. By an order dated June 30, 1992, the Idaho Supreme Court appointed a magistrate from another judicial district as pro tem district judge to preside over the case.

At trial, both parties represented themselves. Ficarro presented extensive evidence regarding what she sought to achieve through McCoy's representation and her adamant disagreement with the terms of the stipulation. McCoy presented evidence that Ficarro had, in fact, agreed to the terms of the stipulation and that any damages claimed were a result of Ficarro's own actions, not the entry of the stipulation. Following the presentation of evidence, the district court issued its findings of fact and conclusions of law. The district court determined that although McCoy had breached his duty as an attorney to Ficarro by not seeking her approval of the stipulation, there was no causal connection between the problems with the stipulation and the subsequent difficulties in Ficarro's life. Therefore, judgment was entered in favor of McCoy.

Ficarro then filed this appeal, again appearing pro se. In her brief, Ficarro first challenges the appointment of a magistrate to hear the case in district court. Although Ficarro's brief is somewhat disjointed, it is apparent that she also challenges the sufficiency of the evidence to support the district court's judgment for McCoy and the dismissal of her action.

## A. APPOINTMENT OF MAGISTRATE TO HEAR DISTRICT COURT CASE

■ Ficarro first claims that the judge assigned to preside over the case at the district court level was a magistrate and therefore, could not properly hear the case. Ficarro did not, however, challenge the appointment at the time it was made, but instead has now collaterally questioned the appointment. A nearly identical challenge was made in *McGill v. Lester,* 105 Idaho 692, 672 P.2d 570 (Ct.App.1983), *cert denied,* 467 U.S. 1247, 104 S.Ct. 3527, 82 L.Ed.2d 834 (1984). Under the analysis adopted in *McGill,* when there is no claim that a "fundamental principle of justice" has been violated, the appropriateness of the appointment becomes a question of compliance with state law. Ficarro does not allege that a "fundamental principle of justice" has been violated, merely that the Idaho Code limits magistrates to hearing cases of a specific type, with an

amount in controversy less than $3,000. As recognized in *McGill,* it is clear that the appointment of a magistrate to hear a district court case is contemplated in the statutes and Constitution of the State of Idaho. 105 Idaho at 693, 672 P.2d at 571.

■ Furthermore, as outlined in *McGill,* a failure to challenge the appointment below will preclude the issue from being reviewed for the first time on appeal. No such challenge was made by Ficarro. For these reasons, we find no error in the appointment of a magistrate as a district judge pro tem to hear the case.

## B. SUFFICIENCY OF THE EVIDENCE TO SUPPORT THE JUDGMENT

■ Following the trial, the district court issued its findings of fact and conclusions of law in this matter. We first note that this Court's review of the district court's decision is limited to: (1) ascertaining whether the evidence supports the findings of fact, and (2) whether the findings of fact support the conclusions of law. *Alumet v. Bear Lake Grazing Co.,* 119 Idaho 946, 949, 812 P.2d 253, 256 (1991).

■ With respect to the findings of fact, the Idaho Rules of Civil Procedure provide that "In all actions tried upon the facts without a jury ... [f]indings of fact shall not be set aside unless clearly erroneous." I.R.C.P. 52(a). Thus, our task when reviewing factual findings is not to weigh the evidence nor to substitute our own view of the facts for that of the trial judge. Our task is simply to determine whether the factual findings are supported by substantial, albeit conflicting, evidence in the record. If so, the findings cannot be said to be clearly erroneous. *Rasmussen v. Martin,* 104 Idaho 401, 404, 659 P.2d 155, 158 (Ct.App.1983). We regard evidence as "substantial" if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact has been proven. *Ortiz v. State, Dept. of Health & Welfare,* 113 Idaho 682, 684, 747 P.2d 91, 93 (Ct.App.1987); IDAHO APPELLATE HANDBOOK §§ 3.3.1 and 3.3.2.2 (Idaho Law Foundation, Inc. 1985).

**126**

Once review of the factual findings is complete, we then consider the district court's conclusions of law. We have free review over legal conclusions of the district court. *Kawai Farms, Inc. v. Longstreet,* 121 Idaho 610, 613, 826 P.2d 1322, 1325 (1992).

In reviewing the decision of the district court, it is worth examining the district court's discussion in detail:

The court concludes Mr. McCoy did in fact breach his duty to follow his client's instructions, when he, without actual authorization by Ms. Ficarro, signed a stipulation granting sole legal custody of the minor children to Mr. Adams. This breach in and of itself could have been inconsequential had the June 20 and 21, 1990 hearing occurred. However, coupled with the fact that Mr. McCoy left town and the fact the June 20 and 21, 1990 hearing was vacated, Ms. Ficarro claims she was injured because she lost the opportunity to present evidence on her behalf at the June 20 and 21, 1990 hearing.

The conclusion that Mr. McCoy breached his duty still does not end the analysis. The court must next consider whether Mr. McCoy's action *proximately* damaged Ms. Ficarro.

The immediate result of Mr. McCoy's action was the vacation of the June 20 and 21, 1990 hearing. Ms. Ficarro argues that had the June, 1990 hearing been held, she would have prevailed or at least had continuing contact with her children.

The legal principles the court must focus upon in this determination are those of proximate cause. The court can find that Mr. McCoy's actions did result in the vacation of the June 20 and 21, 1990 hearing thus there arguably is some cause established for Ms. Ficarro's loss of an opportunity to present her case. However, to find proximate cause the court must conclude, Mr. McCoy's breach is a substantial factor in bringing about injury, loss or damage.

To find Mr. McCoy's actions were a substantial factor in bringing about injury, loss or damage, the evidence would have to show by a preponderance that had the June 20 and 21, 1990 hearing occurred Ms. Ficarro, would have had a substantially

different result than occurred under the Stipulation. The evidence does not support that conclusion.

The district court then analyzed the evidence that had been presented at trial, including the fact that Ficarro had agreed with most of the terms of the stipulation, that prior to the stipulation being entered Ficarro was under a temporary order that greatly restricted her access to the children, and that she had already violated that order. The district court also took note of the evidence regarding the lack of a credible expert to testify regarding the psychological stability of the Ficarros, the existence of allegations of sexual abuse and the fact that Ficarro's own mother and sister would probably testify against her at the hearing. The district court also recognized that the stipulation had been set aside on March 5, 1991, and that a full hearing on the merits of the custody dispute was eventually held in November of 1992. In reviewing the December 21, 1992, order, the district court noted that "Those findings support the conclusion that it was Ms. Ficarro's own actions that resulted in the limited contact with her children, the loss of jobs, family difficulties, changes in homes and the move to California."

The district court concluded that although "Mr. McCoy violated his duty to Ms. Ficarro, the court cannot find this violation was the proximate cause for the injuries Ms. Ficarro alleges. With this conclusion, the court must dismiss the action...."

Ficarro does not dispute the district court's determination that McCoy breached his duty to her and McCoy has not challenged that conclusion in this appeal. Therefore, we will not review the determination by the district court that McCoy breached a duty. Instead, Ficarro challenges the district court's proximate cause determination, or more specifically, the district court's conclusion that the evidence did not establish sufficient proximate causation for a judgment to be awarded to Ficarro. Upon review, we agree with the district court's conclusion.

The analysis of "cause" in any negligence claim involves two separate determinations: (1) the factual finding that the conduct

of the defendant actually resulted in the injury sustained, or "cause in fact"; and (2) the legal determination that, assuming the defendant's conduct was a "cause in fact" for the injury, whether legal responsibility should attach, or "proximate cause." Frequently, as in this case, the term "proximate cause" is used to mean both cause in fact and proximate cause. The determination by the district court here, though deemed a proximate cause determination, actually deals with cause in fact.

■ In making such a "cause in fact" determination, this Court recognizes the difficulty which this Court and the Idaho Supreme Court have had in fashioning, and agreeing upon, a rule. *See e.g., Hilden v. Ball*, 117 Idaho 314, 787 P.2d 1122 (1989) (Bistline, J. dissenting). Two prevailing approaches to actual causation are the "but for" and "substantial factor" tests. *See* W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 41 at 265 (5th ed. 1984). There is some question about which test is the law of this state, though both are incorporated into IDJI 230. *Fussell v. St. Clair, M.D.*, 120 Idaho 591, 818 P.2d 295 (1991). Attempting to analyze and then choose between the two is not necessary in this case, however, as the evidence presented at trial clearly supported the district court's finding that McCoy's conduct was not the cause of Ficarro's alleged injuries. This support holds true regardless of whether the "but for" or "substantial factor" test is applied to the facts of this case.

In her complaint,[2] Ficarro sought damages for (1) the return of her retainer; (2) loss of wages for continuing the case pro se; (3) family therapy; (4) pain and suffering; and (5) costs of the malpractice suit. The district court determined, in its findings of fact, that Ficarro disagreed with the stipulation only as to the granting of sole legal custody to Adams, whether the supervisor would come to her home or she would go the supervisor's home, and whether she had waived her right to collect past-due child support from Adams.

The district court determined that the damages that Ficarro claims do not directly stem from the disagreements with the stipulation. We must agree.

■ Although the stipulation was signed prior to many of the problems that have arisen in Ficarro's life, none of them were shown to be the direct result of the entry of the stipulation. The district court determined, as a factual matter, that Ficarro did not disagree with the prohibition on contact between Anthony Ficarro and the Adams children. This provision, along with a requirement that Ficarro not discuss the custody case with the children, ultimately led to the cancellation of her visitation when they were violated. This factual finding is supported by substantial evidence. The cancellation of visitation was not a result of Adams having sole, as opposed to joint, custody of the children. Nor can the cancellation be attributed to the location of the supervised visits or the waiver of child support payments. Similarly, the family difficulties and lost wages were not shown to be the result of the entry of the stipulation, but were caused by other choices made by Ficarro and the situation that developed apart from the stipulation. As to the retainer, Ficarro presented absolutely no evidence on the amount of time McCoy spent on her case or the nature of the work performed. Her bare assertion that because she was not in agreement with the stipulation she should have the retainer refunded to her is not sufficient evidence to meet the burden of proof as to causation on this particular point. Thus, the district court was correct in determining, under either the "but for" or "substantial factor" analysis, that McCoy's negligence was not the cause in fact of Ficarro's alleged damages.

The factual findings made by the district court are supported by substantial evidence. Ficarro has vehemently disagreed with much of the evidence presented at trial. Our task, however, is not to retry the case but merely

---

**2.** Ficarro actually filed two documents captioned "complaint." Our analysis will be based upon the information contained in the second.

to review the evidence and determine whether that evidence can support the conclusions below. With the factual findings adequately supported by the record, we also conclude that the application of the law to those facts was proper. The district court, therefore, correctly granted judgment to McCoy and the judgment is affirmed. No costs or fees are awarded.

WALTERS, C.J., and LANSING, J., concur.