876 P.2d 1358

Georgia Lou COLES (Mousaw), Plaintiff–Respondent,

v.

Lloyd F. COLES, Defendant–Appellant.

No. 20113.

Supreme Court of Idaho, Eastern Idaho, May 1994 Term.

June 29, 1994.

918

Dunn & Clark, Rigby, for appellant, Robin D. Dunn, argued.

Cox, Ohman & Brandstetter, Idaho Falls, for respondent, John Ohman, argued.

McDEVITT, Chief Justice.

## NATURE OF THE CASE

Defendant–Appellant, Lloyd F. Coles (the father), appealed from a district court decision that reversed and remanded a magistrate judge's ruling denying a motion brought by Plaintiff–Respondent, Georgia Lou Coles (Mousaw) (the mother), for increased child support for Dustin Coles. While the appeal was pending, the father moved this Court to suspend the appeal and grant a temporary remand to the magistrate judge for a final determination of child support. The motion was granted without objection and the parties were directed to proceed with this appeal when the magistrate judge's ruling on remand was filed with this Court. On remand, the magistrate judge ruled that there was insufficient information to calculate child support in the manner that the district court had ordered.

## BACKGROUND AND PRIOR PROCEEDINGS

The mother and father in this case were divorced in 1986. The parties were awarded joint legal custody of their two minor children. Physical custody of the older child, support for whom is not at issue in this case, was awarded to the father. Physical custody of the younger child, Dustin Coles (the child), was awarded to the mother. The father was ordered to pay the mother $200 per month in child support for the child.

About a year later, on November 11, 1987, the younger child moved from the mother's house to the father's house. The child remained at the father's house for the next thirty-seven months, moving back to the mother's house on January 3, 1991. The thirty-seven month change of the child's residence was arranged informally by the mother and father without the approval of the court. During that period, neither party paid child support to the other. However, the father resumed paying the $200 monthly child support after January 1991.

On March 5, 1991, the mother filed a motion for increased child support. The father filed a responsive motion seeking child support for the thirty-seven month period the child had lived with him, either as payment or as an offset against future support. The magistrate judge concluded that the rebuttable presumption in favor of applying the

Child Support Guidelines, I.C. § 32–706A(C), had been overcome and denied both requests. The mother appealed to the district court, the father cross-appealed seeking attorney fees.

The district court reversed the magistrate, concluding that the magistrate had impermissibly taken account of the thirty-seven month period that the child was with the father, among other things, in deciding not to apply the Child Support Guidelines. The father appealed to this Court.

While the appeal was pending, the father moved for a suspension of the appeal and for an order of temporary remand to the magistrate judge. The mother did not object and this Court granted the motion, ordering that the appeal was stayed pending further action on the child support issue by the magistrate, at which time the appeal would be prosecuted.

On remand, the magistrate judge ruled that the rebuttable presumption in favor of applying the Child Support Guidelines was not overcome, but that the parties had not presented sufficient information to allow a calculation under the Guidelines. The suspended appeal to this Court then went forward.

## ANALYSIS

### I. The Appeal To This Court Was Rendered Moot By The Magistrate Judge's Determination On Remand

In his order on remand, the magistrate judge ruled that the parties had not submitted sufficient evidence to calculate the father's child support obligation under the Guidelines. Specifically, the magistrate judge found that there was insufficient evidence of the child's independent income and that neither party had submitted an income verification as required under I.R.C.P. 6(c)(6) § 9. The magistrate judge accordingly ordered that, although the Guidelines were applicable, it was impossible to calculate the amount of support based on the evidence presented.

The effect of this Court's order suspending the appeal and temporarily remanding was to authorize a direct appeal of the magistrate judge's ruling on remand. Thus, once it is complete, the magistrate judge's decision on remand constitutes a final determination of the rights of the parties, at least with respect to the issues originally raised in the appeal before this Court. The magistrate judge's order does not solicit the presentation of additional evidence and on the basis of the record before us we therefore must conclude that it is a final and complete adjudication of the parties' rights.

On appeal, neither party has challenged the magistrate's finding regarding the insufficiency of the record, a finding that we hold is supported by substantial and competent evidence, or more accurately, the lack thereof. *See Ireland v. Ireland,* 123 Idaho 955, 958, 855 P.2d 40, 43 (1993) ("We will uphold the magistrate's findings of fact if supported by substantial and competent evidence.").

As it presently stands, the magistrate judge's ruling does not disadvantage the father in any respect, a point that counsel conceded at oral argument. Because no increase in support was ordered on remand, the father is now in the same position he was in prior to the time the original modification was sought by the mother. Therefore, the issues raised by the father in his original appeal of the district court's decision concerning the applicability of the Guidelines are now moot. Accordingly, that portion of the appeal is dismissed, and the only questions that remain are those regarding attorney fees. *See Ellibee v. Ellibee,* 121 Idaho 501, 503, 826 P.2d 462, 464 (1992) (dismissal of moot appeal proper absent "issues of substantial public interest" likely to arise again).

### II. Neither Party Is Entitled To Attorney Fees

In light of the procedural posture of the case, the only issues to be resolved on appeal are the magistrate judge's denial of attorney fees, the district court's denial of attorney fees on appeal, and the parties' requests for

attorney fees on appeal before this Court.[1]

We have reviewed the merits of the claims asserted below for the limited purpose of reviewing the rulings denying attorney fees. On the basis of that review, we hold that the magistrate judge acted within his discretion in denying fees for the modification hearing, as did the district judge with respect to fees for the appeal. Finally, both parties' requests for attorney fees on appeal are denied because neither party pursued a position "frivolously, unreasonably or without foundation." *Ellibee*, 121 Idaho at 507, 826 P.2d at 468 (1992).

## CONCLUSION

The appeal is dismissed with respect to all issues other than the denial of attorney fees

to the father for the proceedings before the magistrate judge and the district judge. The rulings denying those requests for fees are affirmed. The parties' requests for attorney fees on appeal are denied.

JOHNSON, TROUT and SILAK, JJ., and REINHARDT, J. Pro Tem., concur.

1. The mother requests attorney fees for the hearing before the magistrate judge pursuant to I.C. § 32–704. She also seeks fees related to preparation of a Qualified Domestic Relations Order. However, because she did not perfect a cross-appeal before this Court to preserve the issues, we decline to address these claims.