3 P.3d 528

Kenneth S. HOWARD, Plaintiff–
Appellant,

v.

Marilyn (Andersen) CORNELL,
Defendant–Respondent.

No. 25223.

Supreme Court of Idaho,
Twin Falls, November 1999 Term.

March 29, 2000.

Rehearing Denied July 12, 2000.

Roy, Nielson & Barini–Garcia, Twin Falls, for appellant. Susan P. Roy argued.

Bauer & French, Boise, for respondent. Charles B. Bauer argued.

WALTERS, Justice.

This is an appeal from the memorandum opinion of the district court on the second appeal from the magistrate's order granting the plaintiff father's motion for a restraining order to prevent the defendant mother from traveling outside of the continental United States with the parties' minor child. We affirm the magistrate's order.

## FACTS AND PROCEDURAL BACKGROUND

Kenneth S. Howard and Marilyn Andersen have a son, Adam Christopher, who was born in December 1988. Pursuant to an order and judgment from the Salt Lake County, Utah district court dated July 10, 1989, Marilyn was awarded custody of the child, and

Kenneth was awarded visitation rights. Sometime after the judgment was entered, Marilyn relocated to Idaho, which obtained jurisdiction over further proceedings regarding child custody and support under the Uniform Child Custody Jurisdiction Act, I.C. §§ 32–1101 to 32–1126.

Over the years, the parties returned to court to establish visitation schedules and support payments due on behalf of the minor child. In May of 1996, Marilyn requested that she be allowed to take the child with her to St. Martens in the Caribbean where her husband was attending medical school. An order was entered on May 6, 1996, which specified the support payments and costs of travel to be paid by Kenneth in connection with visitation of the child in light of the upcoming relocation to St. Martens. After negotiations, the parties executed a stipulation addressing Kenneth's concerns that Marilyn had used a birth certificate that predated the Utah order in the paternity action to obtain a passport and a social security card for the child and that Marilyn had failed to change the child's birth certificate to record the child's name as Adam Christopher Howard–Andersen in accordance with the provisions of the Utah decree. The stipulation set forth the procedure to be followed by Marilyn in obtaining a new passport for the minor child bearing his true legal name, Adam Christopher Howard–Andersen. The parties' stipulation, which was incorporated into an order dated August 12, 1996, also spelled out restrictions on travel with the minor child until the arrival of the new passport. The stipulation further provided that Marilyn inform Kenneth of a telephone number where the minor child could be reached while they waited for the new passport and, within ten days of the stipulation, the address and telephone number where Marilyn and the child would be residing while Marilyn's husband was in medical school in St. Martens.

Shortly thereafter, Kenneth learned that Marilyn had completed an application for the child's new passport and had sworn in her affidavit that the child's last name was Cornell, the name of Marilyn's husband, Jim Cornell. Kenneth immediately filed several motions with the district court seeking relief from Marilyn's continuing attempts to thwart his relationship with his son. Kenneth sought an order holding Marilyn in contempt of the Utah decree for failing to change the birth certificate, an order restraining Marilyn from removing the child from the continental United States, an order imposing sanctions, a change of the child's name and permanent retention of jurisdiction by the Idaho courts.

A hearing was held on the motions. On November 5, 1996, the magistrate issued an order finding Marilyn in contempt regarding the birth certificate and the passport. The magistrate held as follows:

> That as a result of said contempt and as a sanction therefore, [Marilyn] is restrained from removing the minor child from the continental United States of America. To insure that this Order is followed, the original passport of the minor child is hereby ordered to be placed in the possession of the Plaintiff and he shall be entitled to keep the passport in his possession. Defendant, if Plaintiff approves in writing, shall be entitled to visit, with the minor child, her husband outside the continental United States, but Plaintiff shall have total discretion to determine if he believes the arrangements are reasonable and safe for the child and the child's return to the United States.

The magistrate ordered that the child's name be amended to "Adam Christopher Howard" and that the child's birth certificate, passport and Social Security card, and all other records be amended to reflect the child's legal name, "Adam Christopher Howard." The magistrate did not enter an order restraining Marilyn from leaving the State of Idaho, in consideration of her representation to the court that she would remain in Idaho if she was not allowed to leave the continental United States with the child.

Marilyn appealed from the magistrate's decision. On that appeal, a district judge affirmed the finding of contempt and the order for name change. However, the district judge remanded that part of the order containing the travel restriction with instructions to the magistrate to clarify whether the travel restriction was intended to operate as

a contempt sanction, as a restraining order or as a custodial modification and whether that part of the order was necessary in light of the August 12, 1996, stipulation and order.

Without taking any new evidence, the magistrate issued an order of clarification on January 16, 1998, which indicated that the restraint of travel had not been imposed as a sanction for the finding of contempt against Marilyn and that further contempt sanctions were unnecessary. The magistrate explained that he had granted Kenneth's motion for a restraining order, concluding that the best interest of the child included a relationship with both parents and that to allow Marilyn to take the child outside of the United States with the documents she had created would operate to break down the relationship between this father and son. Marilyn once again appealed from the magistrate's decision.

On the second appeal, the district judge held that "[w]hatever the magistrate's subjective intent was, the order [restraining defendant from taking the child] as clarified operates as a custodial modification [of the original order and judgment, dated July 10, 1989, from the Utah court]." The district judge also concluded, upon appellate review of the record, that no facts were in evidence to support (1) a finding that a material and substantial change in circumstances had occurred after the August 12, 1996, order or (2) a finding that Marilyn intended to keep the child from Kenneth such that a restraining order was necessary to protect Kenneth's rights. The district judge concluded that the magistrate's order was an abuse of the magistrate's discretion and, therefore, reversed the decision as to the characterization of the travel restriction as the granting of the plaintiff's motion for a restraining order. Kenneth has now appealed to this Court from the district court's intermediate appellate decision.

## STANDARD OF REVIEW

■ When reviewing a decision rendered by a district judge in his appellate capacity under I.R.C.P. 83(a), we consider the record before the magistrate independently of the district judge's determination, giving due regard to that court's analysis. *Ireland v. Ireland,* 123 Idaho 955, 958, 855 P.2d 40, 43 (1993). We will uphold the magistrate's findings of fact if supported by substantial and competent evidence. *Shurtliff v. Shurtliff,* 112 Idaho 1031, 1033, 739 P.2d 330, 332 (1987).

## DISCUSSION

Kenneth argues that the district judge erred in overturning the travel restriction imposed by the magistrate who was presented with the question of contempt and of the issuance of a restraining order prohibiting Marilyn from taking the minor child out of the country. We agree.

In the original order on Kenneth's motions, the magistrate ordered that Marilyn be restrained from removing the minor child from the continental United States as a result of and as a sanction for her contempt of a prior court order. To insure compliance with the order, the magistrate directed that the child's passport be placed in Kenneth's possession. In clarifying the order of November 5, 1996, the magistrate reiterated his finding holding Marilyn in contempt for wilfully violating prior orders of the court, but determined that no additional sanctions for her contempt were necessary. The magistrate recharacterized what he had previously referred to as a sanction, explaining that he had granted Kenneth's motion for an order restraining Marilyn from removing the child from the continental United States to preserve the relationship Kenneth had with his son.

■ Substantial and competent evidence supports the magistrate's finding as a trial court that adequate justification existed for the issuance of a restraining order. Based on the parties' stipulation in August 1996, Marilyn was required to surrender the child's passport and all copies of the child's birth certificate issued prior to the amended birth certificate. Marilyn was ordered to correct all other documents that had been completed or issued based upon any other birth certificates. Until the amended passport was received and, pending an order from the court, the minor child was not to leave the continen-

tal United States. However, soon after the entry of the order based on the stipulation, Kenneth received a copy of the application for the child's amended passport, which listed Jim Cornell as the child's father.

At the hearing on Kenneth's motions, Marilyn acknowledged that she had failed to amend the birth certificate as previously ordered, had failed to use the child's legal name in her application for a Social Security card, had used the original birth certificate that she knew had been superseded and which did not name Kenneth as the child's father and had placed the name of her present husband on the child's passport application. By way of explanation, Marilyn testified that in her eyes her husband, Jim, was the child's father.

The magistrate found under the circumstances, at a time when Marilyn was requesting that she be allowed to leave the continental United States with the minor child, that the court was compelled to take steps to protect the rights of the father and the relationship between Kenneth and his son. The magistrate alluded to the parties' earlier court battles where Kenneth had to repeatedly fight to overcome Marilyn's tremendous resistance to his efforts to establish a meaningful relationship with the child. Marilyn's conduct in October 1996 suggested to the magistrate that she was again trying to limit or even eliminate the father-son relationship which, with the documents she had created, might have led to Marilyn accomplishing her long-term goal of keeping Kenneth out of the child's life.

The district court on appeal seemed to be concerned that the magistrate had effected a modification or a *de facto* modification of the parties' divorce decree without facts in evidence supporting a finding that a material and substantial change in circumstances had occurred after the August 12, 1996, order. The district judge held that the magistrate's order restraining removal of the child from the country was an abuse of the court's discretion.

Although the magistrate determined that the best interests of the child required the court to take steps to protect the relationship between father and son, the magistrate was not presented with a motion for modification of the child custody arrangement but instead was asked to grant a motion for a restraining order. The magistrate acted on Kenneth's request to maintain the *status quo* preserving Kenneth's visitation rights with his son in the face of Marilyn's deceptive conduct that had the potential to estrange this father from his son.

 In suits for divorce and related proceedings, including disputes involving the custody of children, the court may make prohibitive or mandatory orders, with or without bond as may be just. I.R.C.P. 65(g). Every order granting an injunction and every restraining order shall set forth the reasons for its issuance. I.R.C.P. 65(d). After considering the documents as Marilyn had created them, the magistrate acknowledged the possibility that Marilyn intended to leave the United States with the child and never return. Accordingly, the magistrate issued the order enjoining her from removing the minor child to St. Martens but not interfering with Marilyn's own right to travel. We conclude that the injunction, which was to continue until a passport bearing the name Adam Christopher Howard (rather than Adam Christopher Howard–Andersen as previously ordered) was in Kenneth's hands, did not constitute an abuse of the trial court's discretion. The injunction was not indefinite in nature, and the magistrate expressed his expectation that the parties would work out an arrangement, as they had in the past, consistent with the best interest of the child to enjoy a relationship with both of his parents. We disagree with the district judge's conclusion on the appeal below that the injunction entered by the magistrate effected a modification of the divorce decree.

We affirm the magistrate's finding that a restraining order should issue in this case. Costs are awarded to the appellant, Kenneth Howard. No attorney fees are awarded.

Chief Justice TROUT and Justices SILAK, SCHROEDER and KIDWELL concur.