6 P.3d 411

**Leslie G. PEREZ, Plaintiff-Respondent,**

v.

**Vincent R. PEREZ, Defendant-Appellant.**

No. 25232.

Court of Appeals of Idaho.

July 6, 2000.

Bauer & French, Boise, for appellant. Charles B. Bauer argued.

Bevis, Cameron & Johnson, Boise, for respondent. Alan D. Cameron argued.

PERRY, Chief Judge.

Vincent R. Perez appeals from the district court's order affirming the magistrate's award of attorney fees to Leslie G. Perez in the amount of $10,460. Vincent also appeals from the district court's order affirming the magistrate's second award of attorney fees and costs to Leslie in the amount of $5,753.16. We affirm.

## I.

### BACKGROUND

Vincent and Leslie were married in 1981 and separated in 1991. Pursuant to a separation agreement, Leslie was given primary custody of the parties' two minor children. In December 1994, Leslie filed for divorce. All issues relating to the divorce were resolved except the issue of child support. A trial was held, and the magistrate ordered Vincent to pay child support in the amount of

$1,019.50 per month. Vincent filed a motion for reconsideration, which was denied by the magistrate. Leslie filed a motion for attorney fees pursuant to I.C. § 32–704(3), which was granted. Vincent appealed to the district court, which determined that the magistrate had erred in calculating a portion of Vincent's income. The district court, therefore, remanded the case to the magistrate for reconsideration of the award of child support and attorney fees. The district court's order was not appealed. On remand, the magistrate ordered a new trial.[1]

Before a new trial was held, Vincent and Leslie entered into a stipulation establishing Vincent's monthly gross income at $5,285 and Leslie's monthly gross income at $2,155. The stipulation also provided that Vincent and Leslie were each to have primary custody of one of their children. Lastly, the stipulation provided that the parties were to "submit the remaining issue of attorneys fees on remand to the court upon argument on the record." Based upon the stipulation, the magistrate ordered Vincent to pay child support in the amount of $397 per month. Leslie then filed a motion for attorney fees pursuant to I.C. § 32–704(3), which was granted by the magistrate in the amount of $10,460. Leslie filed a second motion for attorney fees and costs pursuant to I.C. § 32–704(3) for her defense of Vincent's appeal to the district court. The magistrate granted Leslie's second motion in the amount of $5,753.16. Vincent appealed to the district court, which affirmed both of the magistrate's awards. Vincent again appeals.

## II.

### STANDARD OF REVIEW

On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *Hentges v. Hentges*, 115 Idaho 192, 194, 765 P.2d 1094, 1096 (Ct.App.1988). The decision to award attorney fees is discretion-

---

1. Thereafter, in the magistrate's division of the district court, Judge McDaniel was recused, and Judge Comstock was appointed to preside over the case.

ary and absent an abuse of that discretion, a trial court's grant or denial of attorney fees will not be disturbed on appeal. *Antill v. Antill,* 127 Idaho 954, 958, 908 P.2d 1261, 1265 (Ct.App.1996). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Hentges,* 115 Idaho at 195, 765 P.2d at 1096.

## III.

## ANALYSIS

### A. First Attorney Fees Award

 On appeal, Vincent argues that the magistrate abused its discretion in awarding attorney fees to Leslie in the amount of $10,460. Idaho Code Section 32–704(3) provides that the court may "from time to time after considering the financial resources of both parties and the factors set forth in section 32–705, Idaho Code, order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this act and for attorney's fees." Idaho Code Section 32–705 sets forth a number of factors, including: (1) whether the spouse seeking attorney fees lacks sufficient property to provide for his or her reasonable needs; (2) the age and the physical and emotional condition of the spouse seeking attorney fees; (3) the ability of the spouse from whom attorney fees is sought to meet his or her needs while meeting those of the spouse seeking attorney fees; and (5) the fault of either party. A disparity in incomes is generally sufficient to support a magistrate's conclusion that the party with the higher income should pay a share of the other party's attorney fees pursuant to I.C. § 32–704(3). *Jensen v. Jensen,* 128 Idaho 600, 606, 917 P.2d 757, 763 (1996); *Pieper v. Pieper,* 125 Idaho 667, 671, 873 P.2d 921, 925 (Ct.App.1994). Nevertheless, an award of attorney fees pursuant to I.C. § 32–704(3) is not appropriate when the party requesting attorney fees has the financial resources necessary to prosecute or defend the action. *Jensen,* 128 Idaho at 606, 917 P.2d at 763; *Ireland v. Ireland,* 123 Idaho 955, 960, 855 P.2d 40, 45 (1993).

A review of the magistrate's order reveals that its decision to award attorney fees to Leslie was guided by I.C. § 32–704(3) and I.C. § 32–705. The magistrate's order also reveals that the magistrate fully considered the financial resources of both parties before making its decision. The magistrate found that a substantial disparity existed between the incomes of Vincent and Leslie, that Leslie was incapable of paying her own attorney fees, and that Vincent could afford to pay those fees for her.

 On appeal, Vincent contends that these findings are not supported by substantial and competent evidence. In all actions tried upon the facts without a jury, findings of fact are not set aside on appeal unless they are clearly erroneous. I.R.C.P. 52(a). Thus, the task of this Court, when reviewing factual findings, is not to weigh the evidence nor to substitute its own view of the facts for that of the trial judge. *Ficarro v. McCoy,* 126 Idaho 122, 125, 879 P.2d 30, 33 (Ct.App.1994). This Court's task is to determine whether the factual findings are supported by substantial, albeit conflicting, evidence in the record. *Id.* If so, the findings cannot be said to be clearly erroneous. *Id; Rasmussen v. Martin,* 104 Idaho 401, 404, 659 P.2d 155, 158 (Ct.App.1983). We regard evidence as substantial if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact has been proven. *Ficarro,* 126 Idaho at 125, 879 P.2d at 33.

 First, the magistrate found that a "substantial disparity existed regarding the parties' incomes." The parties stipulated that Vincent's monthly gross income was $5,285 and that Leslie's monthly gross income was $2,155. At trial, spreadsheets were admitted that showed that Vincent's monthly expenses were approximately $3,162 and that Leslie's monthly expenses were approximately $3,383. After accounting for

each parties' monthly expenses and for the payment of child support, the record reveals that Leslie had no monthly income in excess of expenses and that Vincent's monthly income exceeding expenses totaled approximately $1,700. Vincent was, therefore, capable of saving a portion of his disposable income, while Leslie could not afford to pay her own reasonable expenses. Consequently, the magistrate's finding that the disparity was substantial is supported by the evidence.

■ Second, the magistrate reviewed the record and agreed with the prior magistrate's determination that "Leslie was unable to meet her reasonable needs, including attorney fees, based upon her income." As shown above, Leslie's stipulated monthly gross income was insufficient to meet her monthly expenses. Furthermore, Leslie testified at trial that she could not afford to pay her attorney fees and did not have any savings. Thus, the magistrate's finding that Leslie was incapable of paying her attorney fees is supported by substantial and competent evidence.

■ Lastly, the magistrate reviewed the record and agreed with the prior magistrate's determination that Vincent had "substantial assets available to him to use for the payment of attorney fees." As shown above, Vincent's yearly disposable income is approximately $20,400. Vincent also testified at trial that he had received a $10,000 federal income tax refund. In addition, Vincent owns an interest in two ranching operations valued at over $600,000.[2] Although Vincent and seven other individuals jointly and severally owe approximately $568,000 in taxes relating to the inheritance of the ranch property, there is substantial and competent evidence to support the magistrate's finding that Vincent had significant assets available to pay Leslie's attorney fees.

The magistrate found that a substantial disparity existed between the incomes of Vincent and Leslie, that Leslie was incapable of paying her own attorney fees, and that Vincent could afford to pay those fees for her. These findings are supported by substantial and competent evidence contained in the record. Based upon these findings, we hold that the magistrate did not abuse its discretion in awarding attorney fees, pursuant to I.C. § 32–704(3), to Leslie in the amount of $10,460.

**B. Second Attorney Fees Award**

■ On appeal, Vincent argues that the magistrate abused its discretion by awarding attorney fees, pursuant to I.C. 32–704(3), to Leslie in the amount of $5,753.16 for her defense of the appeal to the district court. Vincent contends that the magistrate erroneously awarded the fees because Leslie had requested attorney fees in her brief on appeal to the district court and the district court did not address her request in its order remanding the case to the magistrate.

The Idaho Supreme Court was confronted with this same issue in *Tolman v. Tolman*, 93 Idaho 374, 461 P.2d 433 (1969). In that case, the wife had appealed a number of community property issues to the Idaho Supreme Court. In its order remanding the case, the Court did not address the issue of attorney fees. On remand, the wife requested that the trial court award her $500 in attorney fees for the previous appeal. The trial court refused, and the wife again appealed. The Idaho Supreme Court explained:

On remand the trial judge refused [the wife's] motion ... apparently on the assumption that such an award was barred because the issue of attorney fees was outside the mandate which it had received from this Court. As we have said herein, the trial court, on remand, as a general rule may not consider issues precluded by the explicit provisions of this Court's mandate. But a wife has a right to have her interests presented and protected and I.C. § 32–704 contemplates that the husband

---

2. This value is based upon Vincent's testimony regarding the number of acres in which he owns an interest and the property's value. Vincent testified that he owned an undivided ¼ interest in 45,439.18 acres; an undivided ⅓ interest in 8,008.83 acres; an undivided ⅕ interest in 160 acres; and 100 percent of 639 acres. When asked what his property was worth, Vincent replied that it was "worth about forty-one dollars ($41) an acre" based upon an adjustment for his undivided interest in the property.

**560**

must, if possible, help to bear the expense of divorce litigation. Unless, therefore, the order of remand barred the [trial court] from considering the question of attorney fees, an allowance should have been made for such a purpose on appellant's motion.

*Id.* at 376, 461 P.2d at 435 (footnote omitted). The Court went on to explain that the trial court had continuing jurisdiction on remand to consider a request for attorney fees for the previous appeal pursuant to I.C. § 32–704 because the divorce action was still pending.

Because the district court's order in the instant case did not address the issue of attorney fees on appeal, the magistrate was not precluded from considering a request for attorney fees pursuant to I.C. § 32–704(3) on remand. It has been the policy of the Idaho Supreme Court to leave to the trial court, under the authority of I.C. § 32–704, the making and enforcing of all orders necessary to provide a spouse with the means of prosecuting or defending an appeal. *Wilson v. Wilson,* 131 Idaho 533, 537, 960 P.2d 1262, 1266 (1998); *Brashear v. Brashear,* 71 Idaho 158, 165, 228 P.2d 243, 247 (1951). Therefore, it was within the magistrate's discretion to award attorney fees to Leslie for her defense of Vincent's appeal to the district court.

 Next, Vincent argues that the magistrate abused its discretion by relying on a two-year-old record in determining whether to grant Leslie's request for attorney fees. However, Vincent entered a stipulation which provided that the magistrate was to decide the issue of attorney fees based upon the record. Thus, the magistrate did not abuse its discretion by relying exclusively upon the record before it. Lastly, Vincent argues that the magistrate abused its discretion in awarding attorney fees without first determining that Leslie was a prevailing party pursuant to I.R.C.P. 54(e)(1). An award of attorney fees pursuant to I.C. § 32–704(3), however, is not dependent upon who prevails. *Antill v. Antill,* 127 Idaho 954, 958, 908 P.2d 1261, 1265 (Ct.App.1996). Consequently, Vincent has failed to show that the magistrate abused its discretion in awarding attor-

ney fees, pursuant to I.C. § 32–704(3), to Leslie in the amount of $5,753.16 for her defense of the appeal to the district court.

## C. Attorney Fees on Appeal

▮ Leslie requests attorney fees on appeal pursuant to I.C. § 12–121 and I.A.R. 41. An award pursuant to I.C. § 12–121 is appropriate only if this Court is left with the abiding belief that the appeal has been brought frivolously and without foundation. *Chicoine v. Bignall,* 127 Idaho 225, 228, 899 P.2d 438, 441(1995). After having thoroughly reviewed all the issues raised and the arguments presented, this Court cannot conclude that Vincent's appeal was frivolous. Thus, we decline to award attorney fees to Leslie on appeal.

### III.

### CONCLUSION

Based upon the foregoing discussion, we affirm the district court's decision upholding the magistrate's award of attorney fees to Leslie in the amount of $10,460. We also affirm the district court's decision upholding the magistrate's second award of attorney fees and costs to Leslie in the amount of $5,753.16. Costs, but not attorney fees, are awarded on appeal to respondent, Leslie G. Perez.

Judge LANSING and Judge SCHWARTZMAN concur.