7 P.3d 1092

Edward WORZALA, Plaintiff–Appellant,

v.

Bonnie Rene WORZALA, Defendant–Respondent.

No. 24831.

Supreme Court of Idaho,
Boise, April 2000, Term.

July 20, 2000.

Rehearing Denied Sept. 12, 2000.

Stephen B. McCrea, Coeur d'Alene, for appellant.

Sims, Liesche, Reagan, Wallace & Wallace, PA, Coeur d'Alene, for respondent. Ramona R. Liesche argued.

TROUT, Chief Justice.

This appeal involves the characterization of a business as separate or community property and is the second appeal in this divorce action. This appeal arises from the decision of the magistrate judge following remand from this Court in *Worzala v. Worzala*, 128 Idaho 408, 913 P.2d 1178 (1996) (*Worzala I*).

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Edward Worzala (Edward) and John MacKenzie (MacKenzie) established a welding supply business in 1971 which was incorporated in Wisconsin under the name Welding

Alloys, Inc. (Welding Alloys). Edward and MacKenzie had some disagreements which culminated in a decision in 1977 that either Edward or Welding Alloys would repurchase MacKenzie's shares in Welding Alloys in order to terminate their business relationship. On June 10, 1977, Edward and Bonnie Worzala (Bonnie) were married. MacKenzie's shares in Welding Alloys were repurchased in 1978.

Edward began winding down Welding Alloys and started a new corporation under the name Repair Alloy, Inc. (Repair Alloy) shortly after Edward and Bonnie were married. Repair Alloy was started with assets "appropriated" from Welding Alloys, and commissions Edward was earning at Welding Alloys. Repair Alloy was incorporated in Wisconsin in September 1977. Although Welding Alloys continued to exist, its operations were limited primarily to collecting accounts receivable. Edward sold Repair Alloy for $350,033 after he and Bonnie moved to Idaho in 1984.

Edward filed a complaint seeking a decree of divorce based on irreconcilable differences on October 17, 1989. After a three day trial, the magistrate judge issued findings of fact and conclusions of law finding that Repair Alloy was a continuation of Welding Alloys, which distributed the same inventory to the same customers with the same employees. The magistrate judge therefore concluded the proceeds from the sale of Repair Alloy were Edward's separate property. This decision was appealed to the district court.

On appeal, the district judge concluded, "[t]he trial court's conclusion that 'the acquisition of Repair Alloy was plaintiff's sole and separate property' is not supported by its finding that 'the new corporation was created by appropriating the assets of Welding Alloys.'" The district judge therefore reversed the magistrate judge's finding concerning Repair Alloy and remanded the case for the magistrate judge to reconsider the determination that Repair Alloy was Edward's separate property.

Edward appealed to this Court, claiming the magistrate judge's finding that Repair Alloy was Edward's separate property was supported by substantial and competent evidence. This Court held as follows:

> Although it is undisputed that Edward's ownership interest in Welding Alloys was Edward's separate property, the record does not present substantial evidence to support the magistrate's conclusion that MacKenzie's interest in Welding Alloys was purchased exclusively through Edward's separate property....
>
> The record does not present substantial and competent evidence that Edward has met his burden of establishing to a reasonable certainty that the assets actually used to purchase MacKenzie's interest in Welding Alloys were exclusively Edward's separate property. Absent such evidence, the extent of Edward's separate interest in the proceeds from the sale of Repair Alloy cannot be reasonably ascertained....
>
> The magistrate's amended decree of divorce is therefore vacated in part and remanded for further findings as to the source of the assets used to purchase MacKenzie's interest in Welding Alloys.

*Worzala*, 128 Idaho at 412, 913 P.2d at 1182.

On remand, the magistrate judge did not admit further evidence regarding the character of Repair Alloy, stating that the record on appeal was complete. He then determined Edward acquired Repair Alloy during marriage but had failed to establish, with reasonable certainty and particularity, the source of funds used to acquire Repair Alloy. The magistrate judge therefore concluded that because Edward failed to rebut the presumption that property acquired during marriage is community property, Repair Alloy was community property. The magistrate judge entered a Second Amended Decree of Divorce and Edward filed a timely Motion to Reconsider, Alter or Amend.

Upon reconsideration, the magistrate judge entered Second Amended Findings of Fact and Conclusions of Law and a Third Amended Decree of Divorce. In these findings, the judge made much more detailed findings relating to the nature of the funds used by Edward to purchase MacKenzie's share of Welding Alloys. Specifically, the judge noted that although Welding Alloys continued to exist after Edward's marriage,

it had ceased any business activity and was largely wound down by the time Repair Alloy was formed. He therefore concluded at least one-half of Repair Alloy constituted Edward's separate property because the funds used to capitalize Repair Alloy were traceable to Edward's one-half separate property interest in Welding Alloys. The magistrate judge also noted the funds which were used to purchase MacKenzie's shares in Welding Alloys were traceable either to Edward's separate property or to the retained earnings of Welding Alloys over which Edward did not have unilateral control. The judge then stated that although he was persuaded that the funds used to purchase MacKenzie's shares in Welding Alloys could be traced to Edward's separate property, he felt constrained by language in the Court's decision in *Worzala I* to hold that the funds used to purchase MacKenzie's shares could not be traced with reasonable certainty and particularity to Edward's separate property. He therefore concluded Repair Alloy was one-half Edward's separate property and one-half community property. Edward and Bonnie both appealed the decision to the district court.

The district judge entered a Memorandum Opinion and Order on Appeal reversing the magistrate judge's decision as unsupported by substantial and competent evidence. The district judge determined Edward failed to rebut the presumption that property acquired during marriage is community property and, therefore, Repair Alloy is community property. Edward has now appealed that decision.

## II.

### STANDARD OF REVIEW

■ The Court reviews the decision of a magistrate judge independently of a district judge sitting in an appellate capacity, but with due regard for the district judge's ruling. *Worzala v. Worzala*, 128 Idaho 408, 411, 913 P.2d 1178, 1181 (1996); *Ireland v. Ireland*, 123 Idaho 955, 957–58, 855 P.2d 40, 42–43 (1993). The magistrate judge's findings of fact will be upheld if supported by substantial and competent evidence. *Id.*

## III.

### FINDINGS REGARDING REPAIR ALLOY

■ In *Worzala I* , the Court remanded with instructions to make further findings "as to the source of the assets used to purchase MacKenzie's interest in Welding Alloys." *Worzala*, 128 Idaho at 412, 913 P.2d at 1182. The magistrate judge was persuaded that the funds used to purchase MacKenzie's shares in Welding Alloys could be traced either to Edward's separate property or to the retained earnings of Welding Alloys which were traceable to Edward's separate property. He felt constrained, however, by the Court's decision in *Worzala I* and therefore concluded the funds used to purchase MacKenzie's shares could not be traced with certainty to Edward's separate property. Because he felt this Court had already determined that the property used to purchase MacKenzie's interest could not be considered separate property, he felt he had no choice but to conclude that Repair Alloy was one-half Edward's separate property and one-half community property. It is understandable that the judge was misled by the Court's earlier opinion. While we stated in *Worzala I* that the case was remanded for further findings as to the source of the funds used to purchase MacKenzie's shares, this is inconsistent with earlier statements in the opinion which appear to hold that there is not sufficient evidence in the record to support the magistrate judge's determination that MacKenzie's shares were purchased exclusively with Edward's separate property. Had that been the Court's holding, however, there would have been no reason to remand the case for further findings; there simply would have been no support in the record for the judge's decision. Although it is not entirely clear from the decision, the Court was remanding in order to give the judge the opportunity to make the necessary findings to support his conclusion. We believe he has now done so, but reached the wrong conclusion simply because of some unfortunate language in our previous opinion. We, therefore, reverse the magistrate judge's decision, but only because he understandably misinterpreted our earlier decision.

Ascertaining the character of property begins with the rebuttable presumption that property acquired during marriage is presumed community property. *Smith v. Smith,* 124 Idaho 431, 436, 860 P.2d 634, 639 (1993). Because Edward formed Repair Alloy during marriage and because MacKenzie's shares were repurchased during marriage, Repair Alloy is subject to the rebuttable presumption. Edward asserts Repair Alloy is his separate property and thus bears the burden of proving, to a reasonable certainty, that Repair Alloy is his separate property. *Id.* Edward may prove Repair Alloy is his separate property by tracing the funds used to acquire Repair Alloy. I.C. § 32–903; *Stahl v. Stahl,* 91 Idaho 794, 797, 430 P.2d 685, 688 (1967).

The record establishes, and the magistrate judge so found, that Repair Alloy was simply Welding Alloys without MacKenzie. Edward physically moved the assets of Welding Alloys to Repair Alloy and operated with the same employees, serving the same customers. Furthermore, the magistrate judge found that MacKenzie's shares were repurchased with the proceeds and accounts receivable from Welding Alloys, which was wound down when Repair Alloy was incorporated. The balance sheet of Welding Alloys' 1978 tax return indicates $40,000 was paid to MacKenzie as consideration for his 100 shares in Welding Alloys. This evidence sufficiently traces the funds used to purchase MacKenzie's shares to Edward's separate property and supports the determination that Repair Alloy was entirely Edward's separate property. The magistrate judge's findings of fact are supported by substantial and competent evidence and would support a conclusion that Edward's interest in the proceeds of Repair Alloy is entirely separate property. The judge would have so concluded but for the language in our earlier decision. We therefore remand this case with instructions to enter a Decree reflecting Edward's interest in Repair Alloy as his separate property.

## IV.

### ATTORNEY FEES

Bonnie requested attorney fees on appeal but we find no basis for such an award.

## V.

### CONCLUSION

The magistrate's Third Amended Decree of Divorce is hereby vacated and remanded for entry of a decree of divorce in accordance with this opinion. Costs on appeal are awarded to appellant.

Justices SILAK, SCHROEDER, WALTERS and KIDWELL concur.