61 P.3d 63

Lisa STEPHENS, Plaintiff–Respondent,

v.

Patrick Dana STEPHENS,
Defendant–Appellant.

No. 27631.

Court of Appeals of Idaho.

Dec. 18, 2002.

Marc J. Weinpel, Idaho Falls, for appellant.

Swafford & Duffin, Chtd., Idaho Falls, for respondent. Ronald L. Swafford argued.

LANSING, Judge.

Patrick Dana Stephens appeals from the order and judgment, entered by the magistrate court and affirmed by the district court, awarding attorney fees to Lisa Stephens in the parties' divorce proceedings.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Lisa Stephens filed a petition for divorce from Patrick Dana Stephens. After a trial,

the magistrate court entered a decree granting the divorce on grounds of extreme cruelty. In its findings and conclusions, the magistrate court addressed Lisa's request that Patrick be ordered to pay her attorney fees pursuant to Idaho Code §§ 32–704 and 32–705. The magistrate found that Lisa, as a licensed practical nurse, had a potential earning capacity of $20,000 per year, although she would need to update her skills by taking several classes. This income imputed to Lisa, along with the $1,614 per month in child support that she received from Patrick, gave Lisa a total income of $39,372 per year to support a family of four. The court found Patrick's income to be approximately $105,000 per year. The parties' community property was divided equally. Among the items awarded to Lisa were the marital home valued at $82,200, pasture land adjacent to the home valued at $31,600, another tract of real property valued at $24,750, and one-half of the parties' retirement account. Lisa was also awarded a judgment of $6,882.50 against Patrick in order to equalize the division of the property. After making these determinations of the parties' earning capacities and the property division, the magistrate court found that Lisa lacked financial resources necessary to pay all of her attorney fees and ordered Patrick to pay a portion of those fees, in the amount of $20,000. Patrick appealed the magistrate's fee award to the district court, which affirmed. He now further appeals to this Court.

## II.

## ANALYSIS

### A. Attorney Fees Under I.C. §§ 32–704 and 32–705

The magistrate court made the attorney fee award under the authority of Idaho Code §§ 32–704 and 32–705. Section 32–704(3) authorizes a trial court to "from time to time after considering the financial resources of both parties and the factors set forth in section 32–705, Idaho Code, order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this act and for attorney's fees...." The § 32–705 factors are: (1) the financial resources of the spouse seeking the award, including the marital property apportioned to that spouse and the spouse's ability to meet his or her needs independently; (2) the time necessary to acquire sufficient education and training to enable the spouse seeking the award to find employment; (3) the duration of the marriage; (4) the age and the physical and emotional condition of the spouse seeking the award; (5) the ability of the spouse from whom the award of fees is sought to meet his or her needs while meeting those of the spouse seeking the award of fees; (6) the tax consequences to each spouse; and (7) the fault of either party.

Patrick contends that, in view of the value of the community property that was awarded to Lisa, she has the financial resources to pay her attorney fees, and therefore the award under § 32–704 is improper notwithstanding the substantial disparity in the parties' incomes. Lisa responds that the magistrate was correct in awarding her attorney fees because, as the magistrate found, her income is barely sufficient to meet the needs of herself and her three children. She contends that this circumstance, the fact that Patrick's income greatly exceeds her own, and other factors listed in § 32–705 are sufficient to justify the award of fees.

On an appeal from an intermediate appellate decision of a district court, we independently examine the record of the proceedings in the magistrate court, with due regard for the district court's decision. *Jensen v. Jensen,* 128 Idaho 600, 604, 917 P.2d 757, 761 (1996); *Hentges v. Hentges,* 115 Idaho 192, 194, 765 P.2d 1094, 1096 (Ct.App.1988). The determination to award attorney fees to a divorcing spouse under I.C. § 32–704(3) is discretionary, and absent an abuse of discretion, the magistrate court's decision will not be disturbed on appeal. *Perez v. Perez,* 134 Idaho 555, 557–58, 6 P.3d 411, 413–14 (Ct. App.2000).

There are Idaho appellate decisions stating that a disparity in the income of the parties is generally sufficient to justify an award of attorney fees under § 32–704. *Jensen,* 128 Idaho at 606, 917 P.2d at 763; *Pieper v. Pieper,* 125 Idaho 667, 671, 873 P.2d 921, 925

(Ct.App.1994). These decisions lend support to the magistrate's award in this case.

Nevertheless, as Patrick points out, there are other Idaho cases which suggest that income inequality would not justify an award if the requesting party has sufficient other financial resources to pay his or her attorney fees. *See Jensen,* 128 Idaho at 606, 917 P.2d at 763; *Ireland v. Ireland,* 123 Idaho 955, 960, 855 P.2d 40, 45 (1993); *Golder v. Golder,* 110 Idaho 57, 61–62, 714 P.2d 26, 30–31 (1986); *Ross v. Ross,* 103 Idaho 406, 410, 648 P.2d 1119, 1123 (1982); *Parker v. Parker,* 97 Idaho 209, 215, 541 P.2d 1177, 1183 (1975); *Perez,* 134 Idaho at 558, 6 P.3d at 414. In some of these cases, the courts held that an order granting attorney fees was unwarranted, based solely upon the value of the marital property awarded to the spouse requesting the fees. In *Ross,* the Supreme Court held that the trial court had erred in ordering the husband to pay $2,000 of the $5,000 in attorney fees incurred by the wife because the wife had been awarded over $300,000 in community property. The Court stated that because the wife had access to and control of her share of the community property, the award of fees could not be characterized as "necessary to enable the wife ... to prosecute or defend the action." *Ross,* 103 Idaho at 410, 648 P.2d at 1123. In *Jensen,* the Supreme Court affirmed the denial of the wife's request for attorney fees despite a significant disparity in income where the husband earned $191,000 per year and the wife earned $55,000 to $79,000. *Jensen,* 128 Idaho at 606, 917 P.2d at 763. Similarly, in *Golder,* an action brought to modify a divorce decree, the Idaho Supreme Court held that the trial court correctly denied the wife's request for attorney fees because she had been awarded an additional $166,000 in that action as her share of the parties' community property. *Golder,* 110 Idaho at 61–62, 714 P.2d at 30–31. The Court said, "In light of this award, it cannot be said that [wife] was without sufficient funds to pay her attorney fees." *Id.* at 62, 714 P.2d at 31.

 Nevertheless, we conclude that a spouse's receipt of assets in the form of a property division sufficient to pay attorney fees does not necessarily preclude an award of attorney fees to that spouse. The general rule stated in several Idaho appellate decisions, that an attorney fee award is inappropriate when the requesting spouse has the "financial resources" necessary to prosecute or defend the action, has its genesis in an Idaho Supreme Court decision, *Parker v. Parker,* 97 Idaho at 215, 541 P.2d at 1183, which was written twenty-seven years ago and applied a *prior version* of I.C. § 32–704. At that time, the statute specified: "While an action for divorce is pending, the court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to ... prosecute or defend the action." I.C. § 32–704 (1875). That former statute differs from the present version of I.C. § 32–704(3) in two important respects. First, the prior statute authorized a fee award only if it was "necessary" to enable the wife to prosecute or defend the action. Under the present terms of § 32–704(3), strict necessity is not a prerequisite to an award. Second, the prior statute did not specify any factors other than necessity that the court should consider in determining whether to award attorney fees in a divorce action. In 1980, the legislature amended § 32–704 and enacted the current § 32–705. 1980 Idaho Sess. Laws, ch. 378 at 961, 962–63. In its amended form, § 32–704(3) now directs the trial courts to look at not only the financial resources of the parties but also "the factors set forth in section 32–705," which are enumerated above. Plainly, the current statutes now mandate that courts in divorce proceedings consider elements besides necessity and the value of assets awarded in the property division in deciding whether an award of attorney fees is appropriate.

Although the Idaho Supreme Court has, subsequent to the 1980 statutory amendments, occasionally reiterated the pre-amendment doctrine that an attorney fee award is not appropriate where the requesting party has the necessary financial resources to prosecute or defend the action,[1]

---

1. The Idaho Supreme Court's decision in *Ross,* although issued in 1982, presumably applied the pre–1980 version of I.C. § 32–704, for the trial

we are confident that it has not been the intent of our Supreme Court to hold that the value of the marital property award should supplant all of the other factors now listed in § 32–705. To the contrary, in *Jensen,* 128 Idaho at 606, 917 P.2d at 763, the Supreme Court noted that the magistrate had correctly analyzed and reviewed I.C. §§ 32–704 and 32–705, before denying an attorney fee award; and in *Ireland,* 123 Idaho at 960, 855 P.2d at 45, the Court stated that the trial court must make findings on the factors enumerated in § 32–705, including the dependent spouse's ability to support himself or herself through employment. In *Perez,* 134 Idaho at 558, 6 P.3d at 414, we also observed that the magistrate's decision to award fees was guided by I.C. §§ 32–704 and 32–705.

■ Even if each party's "financial resources" remains the primary factor in the evaluation of a request for attorney fees, that term means more than balance sheet assets. In its broader meaning, it includes income and earning capacity.

The magistrate here noted that in setting the amount of the award, it relied most heavily on the wide disparity in the incomes and earning capabilities of the parties, the absence of a spousal maintenance award, and the length of the marriage. In rendering its decision, the magistrate court considered each factor set forth in § 32–705. Its analysis included the following:

> *(a) The financial resources of the spouse seeking [the order], including the marital property apportioned to said spouse, and said spouse's ability to meet his or her needs independently:*
>
> ... Lisa will barely meet her living expenses through employment and child support payments. Her budget did not include payments on her attorney fees, which are certainly substantial. Patrick did not introduce into evidence a detailed budget, but presumably, his living expenses (except child support) will not be higher than Lisa's. (Lisa will be maintaining a household of four people.)
>
> *(b) The time necessary to acquire sufficient education and training to enable the spouse seeking [the order] to find employment:*
>
> Lisa testified that she would like to become an RN. Depending on how much time she devoted to schooling, she will need about two to six years to reach that goal. She testified that RNs earn about twenty percent more than LPNs. The possibility of greater employment income sometime in the future, however, does not help Lisa pay her attorney fees now.
>
> *(c) The duration of the marriage:*
>
> The parties have been married about fourteen years. It is significant that Patrick got his advanced degree during the marriage, and that Lisa suffered financially (along with Patrick) while he was pursuing that degree.
>
> . . . .
>
> *(g) The fault of either party:*
>
> As noted above, the court has granted Lisa a divorce on grounds of extreme cruelty.

The magistrate court also said that it had denied Lisa's request for spousal maintenance partially because the court planned to make a significant attorney fee award and to thereby eliminate any need for Lisa to make substantial attorney fee payments from her monthly income.

We find no fault with the magistrate's analysis. Patrick earned approximately 84 percent of the parties' combined income and also owned investment and income-producing properties valued at about $157,000. Although Lisa was awarded assets of a significant value in the divorce, many of these assets, such as the house and other real property, were not liquid. The magistrate court appropriately considered and applied the factors enumerated in I.C. § 32–705, and its decision is supported by the evidentiary record. Therefore, no abuse of discretion has been shown.

## B. Attorney Fees on Appeal

Patrick also challenges the district court's award of attorney fees to Lisa on appeal. The district court's award was not based

court decision under review in *Ross* was issued in 1977.

upon I.C. § 32–704, but was made pursuant to I.C. § 12–121 on the basis that Patrick's appeal was frivolous. Patrick asserts that he presented arguable issues of law to the district court and therefore his appeal was not brought frivolously.

■ An award of attorney fees may be granted by the district court, when acting in its appellate capacity, under I.C. § 12–121 and I.A.R. 41. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct.App.1995). Such an award is permissible only if the court is left with the abiding belief that the appeal was brought or defended frivolously, unreasonably and without foundation. *Id.* An award under I.C. § 12–121 may not be made where the appeal presents a genuine issue of law for review. *Gillingham v. Swan Falls Land & Cattle Co.*, 106 Idaho 859, 863, 683 P.2d 895, 899 (Ct.App.1984).

■ We conclude that the district court was in error in characterizing Patrick's appeal as frivolous. In view of those appellate decisions discussed above that have focused solely upon the financial resources of the party requesting attorney fees, Patrick's appeal was not unreasonable. Although he has not prevailed in his challenge to the magis-trate's award, his appeal has raised a substantive legal issue, and we therefore reverse the district court's award of attorney fees. For the same reason, we do not grant Lisa's request, under § 12–121, for fees incurred in responding to Patrick's appeal to this Court.

## III.

## CONCLUSION

The magistrate court correctly applied I.C. §§ 32–704 and 32–705 in deciding to award attorney fees to Lisa, and that award is affirmed. The district court's further award of attorney fees to Lisa for the intermediate appeal is reversed. Costs on appeal are awarded to Lisa as the overall prevailing party pursuant to I.A.R. 40.

Chief Judge PERRY and Judge Pro Tem JUDD concur.