IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40274

| FRANK WILLIAM HAUSLADEN, JR., | ) | 2013 Unpublished Opinion No. 637S |
|---|---|---|
| | ) | |
| Plaintiff-Appellant, | ) | Filed: December 12, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| SHARI COLENE KNOCHE, fka DAWSON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant, | ) | BE CITED AS AUTHORITY |
| | ) | |
| and | ) | SUBSTITUTE OPINION |
| | ) | THE COURT'S PRIOR OPINION |
| JOHN H. SAHLIN, Judgment Creditor on | ) | DATED AUGUST 23, 2013, IS |
| Appeal, | ) | HEREBY WITHDRAWN |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John P. Luster, District Judge.

Order of the district court, on intermediate appeal, dismissing appeal from the magistrate's order awarding parenting coordinator fees, reversed and remanded.

Frank William Hausladen, Jr., Sandpoint, pro se appellant.

John H. Sahlin, Coeur d'Alene, pro se respondent.
_____

MELANSON, Judge

Frank William Hausladen, Jr. appeals from the district court's order dismissing his appeal from the magistrate's determination that Hausladen was required to pay John H. Sahlin parenting coordinator fees. For the reasons set forth below, we reverse and remand.

## I.

## FACTS AND PROCEDURE

Hausladen and Shari Colene Knoche are the parents of a minor child. Their respective custody rights and child support obligations have been the subject of numerous orders and order modifications over a period of years. On February 2, 2005, the magistrate entered an order

modifying custody in which Sahlin was appointed to act as parenting coordinator. Sahlin attempted to resolve the disagreements of the parents. On January 11, 2006, the magistrate entered an order terminating Sahlin's appointment. Thereafter, on May 17, 2006, Sahlin filed a motion alleging Hausladen failed to pay his parenting coordinator fees and sought a court order requiring Hausladen to do so. Hausladen objected. Following a hearing on June 5, 2006, the magistrate granted Sahlin's motion and required Hausladen to pay Sahlin $667.50. Hausladen appealed to the district court, which affirmed the magistrate. Hausladen appealed to this Court, which reversed the district court's decision. Sahlin filed a petition for review with the Idaho Supreme Court, which was granted. The Court vacated the district court's order affirming the magistrate and remanded for a determination as to whether Sahlin was entitled to payment pursuant to I.C. § 32-717D(3) and I.R.C.P. 16(l)(11). *Hausladen v. Knoche*, 149 Idaho 449, 454, 235 P.3d 399, 404 (2010). On remand, the magistrate required Hausladen to pay Sahlin $667.50 plus statutory interest. Hausladen appealed to the district court, which dismissed the appeal. Hausladen again appeals.

## II.

## ANALYSIS

Hausladen argues the district court erred by dismissing his appeal. The district court conditionally dismissed Hausladen's appeal because it determined the magistrate had not entered a final appealable judgment regarding parenting coordinator fees because the judgment did not contain an I.R.C.P. 54(b) certificate and Hausladen had not sought permission to appeal pursuant to I.A.R. 12(a). The district court explained Hausladen had thirty days to correct the deficiencies or his appeal would be dismissed. After Hausladen failed to correct the deficiencies, the district court entered an order dismissing Hausladen's appeal.

Idaho Rule of Civil Procedure 54(b)(1) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment upon one or more but less than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the actions as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the

2

claims and the rights and liabilities of all the parties. . . . In the event the trial court determines that a judgment should be certified as final under this Rule 54(b), the court shall execute a certificate which shall immediately follow the court's signature on the judgment . . . .

Idaho Appellate Rule 12(a) provides:

Permission may be granted by the Supreme Court to appeal from an interlocutory order or judgment of a district court in a civil or criminal action, or from an interlocutory order of an administrative agency, which is not otherwise appealable under these rules, but which involves a controlling question of law as to which there is substantial grounds for difference of opinion and in which an immediate appeal from the order or decree may materially advance the orderly resolution of the litigation.

Hausladen argues I.R.C.P. 54(b) does not apply in this case because Sahlin is not a party and had no legal basis or standing to intervene in the case. We agree. Sahlin was not a party to the divorce or custody case and did not present a claim for relief in the typical manner. Sahlin was only permitted to make a request to the magistrate in the case for review of the dispute over parenting coordinator fees because I.C. § 32-717D(4) and I.R.C.P. 16(l)(11) specifically allowed such procedure. The judgment fully and finally settled the only issue between Hausladen and Sahlin.[1] Therefore, the order awarding fees to Sahlin was an appealable final judgment and neither an I.R.C.P. 54(b) certificate, nor I.A.R. 12(a) permission, was required. Accordingly, the district court erred by dismissing the appeal. While this issue is dispositive on appeal, we address the remaining issues of standing and jurisdiction in order to provide guidance on remand.

Hausladen first argues Sahlin had no standing to file a motion with the magistrate alleging Hausladen failed to pay Sahlin parenting coordinator fees and seeking a court order requiring Hausladen to do so. Idaho Code Section 32-717D(4) provides:

The court shall allocate the fees and costs of the parenting coordinator between the parties and may enter an order against either or both parties for the reasonable costs, fees and disbursements of the parenting coordinator. Any dispute regarding payment of the fees and costs of the parenting coordinator shall be subject to review by the court upon request of the parenting coordinator or either party.

---

[1]     Even if this document was not an appealable final judgment, it would be appealable as an order following final judgment pursuant to I.A.R. 11(a)(7), as the 2001 order entered in this case (resolving child custody, visitation, child support, and paternity) constituted a final judgment.

Idaho Rule of Civil Procedure 16(l)(11) provides:

> Parenting Coordinators shall be compensated at their regular fees and expenses, which shall be clearly set forth in the information and materials provided to the parties. Unless other arrangements are made among the parties or ordered by the court, the interested parties shall be responsible for a pro rata share of the Parenting Coordinator's fees and expenses, commensurate with their respective contributions to total child support. If a Parenting Coordinator is not paid, the court, upon motion of the Parenting Coordinator, may order payment. Any dispute regarding payment of the fees and costs of the parenting coordinator, shall be subject to review by the court upon request of the parenting coordinator or either party.

Accordingly, I.C. § 32-717D(4) and I.R.C.P. 16(l)(11) specifically allowed Sahlin to request the magistrate review the dispute regarding payment of Sahlin's parenting coordinator fees.

Hausladen also argues the magistrate lacked jurisdiction to require him to pay Sahlin on remand from the Idaho Supreme Court because the Court's opinion directed the district court, not the magistrate, to make the determination whether Sahlin was entitled to payment pursuant to I.C. § 32-717D(3) and I.R.C.P. 16(l)(11). It is true I.A.R. 38(c) requires that, in the context of remittiturs, when an opinion of the Idaho Supreme Court has become final, a remittitur shall be filed with the district court advising the district court the opinion has become final and that the district court must comply with the directive of the opinion. However, the determination whether Sahlin was entitled to parenting coordinator fees was a factual determination for the magistrate to make because the district court, sitting in its appellate capacity, was not in a position to make such a determination. *See Pieper v. Pieper*, 125 Idaho 667, 671, 873 P.2d 921, 925 (Ct. App. 1994). Therefore, the district court's decision to remand to the magistrate would not have constituted error.

### III.

### CONCLUSION

The district court erred by dismissing Hausladen's appeal from the magistrate's determination he was required to pay Sahlin parenting coordinator fees because that order constituted a final appealable judgment. Accordingly, the district court's order dismissing Hausladen's appeal from the magistrate's determination that Hausladen was required to pay Sahlin parenting coordinator fees is reversed. The case is remanded to the district court. Because both parties sought the same relief and, therefore, prevailed in part, no costs on appeal are awarded to either party.

4

Chief Judge GUTIERREZ, **CONCURS.**

Judge LANSING, **CONCURRING IN THE RESULT**

I concur with the majority's view that the district court erred in dismissing this appeal, but not because the order for payment of Sahlin's fees was a "final judgment." Rather, I base my decision on the point that the majority makes in footnote 1 of its opinion. In my view, the district court erred by overlooking the provision of Idaho Appellate Rule 11(a)(7) which authorizes appeals as a matter of right from "any order made after final judgment. . . ."

In cases involving child custody and child support issues, the dispute is initially resolved by a final decree or judgment defining custody, visitation, and child support to be paid. That constitutes a final judgment in the action. In this case, that "final judgment" was the "Order re Child Custody, Visitation, Child Support, and Paternity" entered on May 29, 2001.[1] After entry of the judgment, the parties may, and often do, engage in a continued battle in the court regarding requested modifications of custody, visitation, and support. Each of those disputes must be resolved by the presiding magistrate, and each such order constitutes an "order made after final judgment" that is appealable under I.A.R. 11(a)(7). For that reason, I join in the majority's holding that the order of the district court must be reversed and the matter remanded.

I also agree with the majority's determination that the district court correctly remanded the matter to the magistrate court following remand from the Idaho Supreme Court on the previous appeal.

---

[1] This order was entered before the amendment to Idaho Rule of Civil Procedure 54(a) requiring that such final decisions be labeled "judgment" or "decree."

5